IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| TABATHA JACKSON, et al., | CASE NO. 1:20-CV-02649 |
|---|---|
| Plaintiffs, | JUDGE PAMELA A. BARKER |
| -vs- | |
| CUYAHOGA COUNTY, et al., | **AMENDED COMPLAINT** |
| Defendants. | *Jury Trial Demanded* |

Now come Plaintiffs Tabatha Jackson and Phyllis Davis, by and through undersigned counsel, and hereby state their Amended Complaint against Defendants Cuyahoga County and Randy Pritchett. Pursuant to the Court's May 20, 2021 Memorandum of Opinion and Order, the only amendment Plaintiffs made is to ¶ 23b. The remainder of this Amended Complaint mirrors the Complaint.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Tabatha Jackson is a resident of Cuyahoga County. She is African American. At all relevant times, Plaintiff Jackson was held in the Cuyahoga County Corrections Center.

2. Plaintiff Phyllis Davis is a resident of Cuyahoga County. She is African American. At all relevant times, Plaintiff Jackson was held in the Cuyahoga County Corrections Center.

3. Defendant Cuyahoga County is an Ohio political subdivision responsible for the Cuyahoga County Corrections Center. Defendant Cuyahoga County is a "person"

under 42 U.S.C. § 1983 and is responsible for the conduct of its agents, employees and officials pursuant to the doctrine of *respondeat superior.*

4. Defendant Clifford Pinkney was the Cuyahoga County Sheriff until he retired in August 2019. At all relevant times, he was responsible for the Cuyahoga County Corrections Center's operation and was acting under color of state law. Defendant Clifford Pinkney is a "person" under 42 U.S.C. § 1983.

5. Defendant Kenneth Mills was Cuyahoga County's director of regional corrections until he resigned in November 2018 due to his impending termination. At all relevant times, he was responsible for the Cuyahoga County Corrections Center's operation and was acting under color of state law. Defendant Kenneth Mills is a "person" under 42 U.S.C. § 1983.

6. Defendant Eric Ivey was Cuyahoga County Corrections Center's warden from 2017 until February 2019 when he was demoted to associate warden over an alleged nepotism violation. He resigned in the fall of 2019 after pleading guilty to falsification and obstruction of justice in connection with the death of an inmate at the Cuyahoga County Corrections Center. At all relevant times, he was responsible for the Cuyahoga County Corrections Center's operation and was acting under color of state law. Defendant Eric Ivey is a "person" under 42 U.S.C. § 1983.

7. Defendant Randy Pritchett is a corrections officer at the Cuyahoga County Corrections Center. At all relevant times, he was in uniform and was acting under color of state law. Defendant Randy Pritchett is a "person" under 42 U.S.C. § 1983.

8. Jurisdiction is appropriate in the State of Ohio because all conduct as alleged herein occurred in the State of Ohio.

9. Venue is appropriate in Cuyahoga County because all conduct as alleged herein occurred in Cuyahoga County, and the Cuyahoga County Court of Common Pleas is a court of general jurisdiction.

## CLASS ALLEGATIONS

10. All of the foregoing paragraphs are incorporated as though fully set forth here.

11. The conditions in the Cuyahoga County Corrections Center in Cleveland, Ohio are unsanitary, inhumane and unconstitutional.

12. Defendants Cuyahoga County, Pinkney, Mills and Ivey overcrowded the Cuyahoga County Corrections Center and forced inmates to sleep in noisy conditions and on thin mats approximately two feet wide, making sleeping, a basic human need, difficult.

13. Defendants Cuyahoga County, Pinkney, Mills and Ivey served Cuyahoga County Corrections Center inmates spoiled food (such as hamburgers, spaghetti, chili) on moldy, bug-infested trays and served food (such as oatmeal) containing dead and alive bugs.

14. Defendants Cuyahoga County, Pinkney, Mills and Ivey served Cuyahoga County Corrections Center inmates cloudy, inconsumable water.

15. Defendants Cuyahoga County, Pinkney, Mills and Ivey allowed human urine and feces to be on the floors of the Cuyahoga County Corrections Center.

16. Defendants Cuyahoga County, Pinkney, Mills and Ivey allowed the Cuyahoga County Corrections Center to be infested with bugs, including cockroaches.

17. Every female inmate, including Plaintiffs Tabatha Jackson and Phyllis Davis, in the Cuyahoga County Corrections Center had to live in the aforementioned unsanitary, inhumane and unconstitutional conditions.

## CLASS COUNT ONE
### 42 U.S.C. § 1983 - Eighth and Fourteenth Amendments
### Against Defendants Cuyahoga County, Pinkney, Mills and Ivey

18. All of the foregoing paragraphs are incorporated as though fully set forth here.

19. Plaintiffs Tabatha Jackson and Phyllis Davis bring this Complaint on behalf of themselves and a class of similarly situated female inmates who were likewise subjected to the same unsanitary, inhumane and unconstitutional conditions in the Cuyahoga County Corrections Center.

20. Under the color of law, Defendants Cuyahoga County, Pinkney, Mills and Ivey deprived the class of the rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution, including the right to be held in humane jail conditions and be afforded life's basic necessities in jail.

21. Defendants Cuyahoga County, Pinkney, Mills and Ivey each caused harm to every member of the class, through their acts and failures to act, as described above.

22. Defendants Cuyahoga County, Pinkney, Mills and Ivey imposed cruel and unusual punishment upon every member of the class, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

23. The class is comprised of all female inmates who were subjected to the following conditions at the Cuyahoga County Corrections Center: (1) having to sleep in noisy conditions; (2) having to sleep on thin mats approximately two feet wide; (3) having to eat spoiled food; (4) having to eat off moldy trays; (5) having to eat food

containing dead and alive bugs; (6) having to drink cloudy water; (7) having to live in an environment with human urine and feces on the floors; (8) having to live in an environment reeking of human urine and feces; and/or (9) having to live in an environment infested with bugs.

    a. Class One Injunctive Relief Subclass: All female inmates who are currently held or who may in the future be held at the Cuyahoga County Corrections Center and subjected to the aforementioned unsanitary, inhumane and unconstitutional conditions that Defendants Cuyahoga County, Pinkney, Mills and Ivey negligently, intentionally, maliciously, willfully, wantonly, and/or recklessly created, maintained and/or allowed to exist pursuant to their policies, practices and/or customs. Defendants Cuyahoga County, Pinkney, Mills and Ivey's policy, practice and/or custom includes the failure to adequately train, supervise, monitor and discipline Cuyahoga County Corrections Center personnel who engage in constitutional violations.

    b. Class One Monetary Relief Subclass: All female detainees or prisoners who were held at the Cuyahoga County Corrections Center from October 23, 2018 until October 23, 2020. This Subclass seeks economic, non-economic, nominal and punitive monetary damages.

24. One or more of the *Monell* polices, practices and/or customs maintained and implemented by Defendants Cuyahoga County, Pinkney, Mills and Ivey was a moving force behind the clearly established constitutional violations.

25. These widespread polices, practices and/or customs were so well-settled as to constitute de facto policy and were allowed to exist because the policymakers,

Defendants Cuyahoga County, Pinkney, Mills and Ivey, with authority over the conduct exhibited deliberate indifference to the problems, thereby effectively ratifying them.

26. Defendants Cuyahoga County, Pinkney, Mills and Ivey deliberately ignored conditions of confinement that failed to meet contemporary requirements of minimal decency.

27. The U.S. Marshals' report on the Cuyahoga County Corrections Center is attached to this Complaint and the report is expressly incorporated herein by reference.

28. The U.S. Marshals' report states the Cuyahoga County Corrections Center is "one of the worst [jails] in the country".

29. The members of the classes satisfy Civ.R. 23(a)(1) because they are sufficiently numerous that joinder of all members is impracticable.

30. The questions of law and fact common to each class, which predominate over individual questions and will be subject to common proof, satisfy Civ.R. 23(a)(2) for the following reasons:

    a. As alleged by Plaintiffs Tabatha Jackson and Phyllis Davis, all female inmates were subjected to the following unconstitutional and unsanitary conditions at the Cuyahoga County Corrections Center: (1) having to sleep in noisy conditions; (2) having to sleep on thin mats approximately two feet wide; (3) having to eat spoiled food; (4) having to eat off moldy trays; (5) having to eat food containing dead and alive bugs; (6) having to drink cloudy water; (7) having to live in an environment with human urine and feces on

the floors; (8) having to live in an environment reeking of human urine and feces; and (9) having to live in an environment infested with bugs.

31. The common questions of law and fact for each class includes whether Defendants Cuyahoga County, Pinkney, Mills and/or Ivey's conduct created unsanitary, inhumane and unconstitutional conditions for females in the Cuyahoga County Corrections Center.

32. The claims alleged by Plaintiffs Tabatha Jackson and Phyllis Davis satisfy Civ.R. 23(a)(3) because they are typical of the claims of the classes. Like the members of the classes, Plaintiffs Tabatha Jackson and Phyllis Davis were subjected to Defendants Cuyahoga County, Pinkney, Mills and/or Ivey's clearly established unconstitutional conduct. Plaintiffs Tabatha Jackson and Phyllis Davis seek relief typical to that sought on behalf of the classes and subclasses they seek to represent.

33. Plaintiffs Tabatha Jackson and Phyllis Davis will fairly and adequately represent and protect the interests of the classes in accordance with Civ.R. 23(a)(4). Plaintiffs Tabatha Jackson and Phyllis Davis have interests that are coextensive with those of the members of the class that they seek to represent.

34. The costs involved in proving Defendants Cuyahoga County, Pinkney, Mills and/or Ivey's unconstitutional conduct makes it impracticable for Plaintiffs Tabatha Jackson and Phyllis Davis and the class members to pursue their claims individually. Thus, a class action is superior to other available means for fairly and efficiently adjudicating the claims of Plaintiffs Tabatha Jackson and Phyllis Davis and the class members.

35. The injunctive relief subclasses are properly maintainable under Civ.R. 23(b)(2) because Defendants Cuyahoga County, Pinkney, Mills and/or Ivey acted or refused to act on grounds generally applicable to each subclass, thereby making appropriate final injunctive relief or corresponding declarative relief with respect to each subclass as a whole.

36. The monetary relief subclasses are properly maintainable under Civ.R. 23(b)(3) because questions of law and fact common to the subclasses predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this case.

37. Alternatively, class-wide liability and nominal and punitive damages liability under the theories advanced in this action are proper for each monetary relief subclass because such claims present only common issues, the resolution of which would advance the interests of the parties in an efficient manner.

38. As a direct and proximate result of Defendants Cuyahoga County, Pinkney, Mills and Ivey's actions and inactions, the class's clearly established constitutional rights were violated and all class members suffered injuries and damages, including but not limited to physical sickness and injury, physical pain and suffering, emotional pain and suffering, and other grievous and continuing injuries and damages.

39. Defendants Cuyahoga County, Pinkney, Mills and Ivey's conduct evidences a conscious disregard for the rights and safety of Plaintiffs that had a great probability of causing, and did so cause, substantial damages, thereby rendering Defendants liable for punitive damages and attorney fees. Additionally, Defendants acted maliciously, willfully, recklessly and wantonly.

40. Defendants Cuyahoga County, Pinkney, Mills and Ivey are jointly and severally liable for this conduct.

## PLAINTIFFS' INDIVIDUAL COUNT ONE
### 42 U.S.C. § 1983 - Eighth and Fourteenth Amendments
### Against Defendants Cuyahoga County, Pinkney, Mills and Ivey

41. All of the foregoing paragraphs are incorporated as though fully set forth here.

42. Under the color of law, Defendants Cuyahoga County, Pinkney, Mills and Ivey deprived Plaintiffs Tabatha Jackson and Phyllis Davis of the rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution, including the right to be held in humane jail conditions and be afforded life's basic necessities in jail.

43. Defendants Cuyahoga County, Pinkney, Mills and Ivey each caused harm to Plaintiffs Tabatha Jackson and Phyllis Davis, through their acts and failures to act.

44. Defendants Cuyahoga County, Pinkney, Mills and Ivey imposed cruel and unusual punishment upon Plaintiffs Tabatha Jackson and Phyllis Davis, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

45. Defendants Cuyahoga County, Pinkney, Mills and Ivey's created and allowed unsanitary, inhumane and unconstitutional conditions at the Cuyahoga County Corrections Center to exist.

46. Defendants Cuyahoga County, Pinkney, Mills and Ivey deliberately ignored conditions of confinement that failed to meet contemporary requirements of minimal decency.

47. Plaintiffs Tabatha Jackson and Phyllis Davis were subjected to the following at the Cuyahoga County Corrections Center because of Defendants Cuyahoga County,

Pinkney, Mills and Ivey's acts and failures to act: (1) having to sleep in noisy conditions; (2) having to sleep on thin mats approximately two feet wide; (3) having to eat spoiled food; (4) having to eat off moldy trays; (5) having to eat food containing dead and alive bugs; (6) having to drink cloudy water; (7) having to live in an environment with human urine and feces on the floors; (8) having to live in an environment reeking of human urine and feces; and/or (9) having to live in an environment infested with bugs.

48. The aforementioned unsanitary, inhumane and unconstitutional conditions at the Cuyahoga County Corrections Center were present because Defendants Cuyahoga County, Pinkney, Mills and Ivey negligently, intentionally, maliciously, willfully, wantonly, and/or recklessly created, maintained and/or allowed them to exist pursuant to their policies, practices and/or customs.

49. Defendants Cuyahoga County, Pinkney, Mills and Ivey's policy, practice and/or custom includes the failure to adequately train, supervise, monitor and discipline Cuyahoga County Corrections Center personnel who engage in constitutional violations.

50. One or more of the *Monell* polices, practices and/or customs maintained and implemented by Defendants Cuyahoga County, Pinkney, Mills and Ivey was a moving force behind the clearly established constitutional violations.

51. These widespread polices, practices and/or customs were so well-settled as to constitute de facto policy and were allowed to exist because the policymakers, Defendants Cuyahoga County, Pinkney, Mills and Ivey, with authority over the

conduct exhibited deliberate indifference to the problems, thereby effectively ratifying them.

52. The U.S. Marshals' report on the Cuyahoga County Corrections Center is attached to this Complaint and the report is expressly incorporated herein by reference.

53. The U.S. Marshals' report states the Cuyahoga County Corrections Center is "one of the worst [jails] in the country".

54. As a direct and proximate result of Defendants Cuyahoga County, Pinkney, Mills and Ivey's actions and inactions, Plaintiffs Tabatha Jackson and Phyllis Davis's clearly established constitutional rights were violated which caused them to suffer injuries and damages, including but not limited to physical sickness and injury, physical pain and suffering, emotional pain and suffering, and other grievous and continuing injuries and damages.

55. Defendants Cuyahoga County, Pinkney, Mills and Ivey's conduct evidences a conscious disregard for the rights and safety of Plaintiffs that had a great probability of causing, and did so cause, substantial damages, thereby rendering Defendants liable for punitive damages and attorney fees. Additionally, Defendants acted maliciously, willfully, recklessly and wantonly.

56. Defendants Cuyahoga County, Pinkney, Mills and Ivey are jointly and severally liable for this conduct.

### PLAINTIFFS' INDIVIDUAL COUNT TWO
### 42 U.S.C. § 1983 - Eighth and Fourteenth Amendments
### Against Defendants Cuyahoga County, Pinkney, Mills and Ivey

57. All of the foregoing paragraphs are incorporated as though fully set forth here.

58. Under the color of law, Defendants Cuyahoga County, Pinkney, Mills and Ivey deprived Plaintiffs Tabatha Jackson and Phyllis Davis of the rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution, including the right to receive adequate medical care and attention as a jail inmate.

59. Immediately before she was booked into the Cuyahoga County Corrections Center, Plaintiff Tabatha Jackson had undergone surgery because she had been shot in the back, stomach and arm.

60. At the time she was booked into the Cuyahoga County Corrections Center, Plaintiff Tabatha Jackson was in a wheelchair due to the shooting and subsequent surgery.

61. Defendants Cuyahoga County, Pinkney, Mills and Ivey were deliberately indifferent to Plaintiff Tabatha Jackson's serious medical needs because they took her wheelchair from her and placed her in general population.

62. Plaintiff Tabatha Jackson was constantly falling over because she did not have a wheelchair.

63. Defendants Cuyahoga County, Pinkney, Mills and Ivey were deliberately indifferent to Plaintiff Tabatha Jackson's serious medical needs because they did not give Plaintiff Tabatha Jackson the medication she was prescribed to treat her gunshot wounds.

64. Plaintiff Tabatha Jackson's gunshot wounds and her physical condition after being shot in the back, stomach and arm constitute serious medical needs.

65. At the time she was booked into the Cuyahoga County Corrections Center, Plaintiff Phyllis Davis advised intake that she was prescribed Xanax to treat anxiety.

66. At the time she was booked into the Cuyahoga County Corrections Center, Plaintiff Phyllis Davis had been prescribed Xanax for eight years.

67. Defendants Cuyahoga County, Pinkney, Mills and Ivey were deliberately indifferent to Plaintiff Phyllis Davis's anxiety, a serious medical need, because they never gave her Xanax.

68. Plaintiff Phyllis Davis passed out and hit her head on the concrete floor because she was never given Xanax.

69. Plaintiff Phyllis Davis had a seizure and bit her tongue in half because she was never given Xanax.

70. At the time she was booked into the Cuyahoga County Corrections Center, Plaintiff Phyllis Davis advised intake that she was prescribed Abilify, an anti-depressant.

71. Defendants Cuyahoga County, Pinkney, Mills and Ivey were deliberately indifferent to Plaintiff Phyllis Davis's depression, a serious medical need, because they never gave her Abilify.

72. The U.S. Marshals' report on the Cuyahoga County Corrections Center is attached to this Complaint and the report is expressly incorporated herein by reference.

73. The U.S. Marshals' report states the Cuyahoga County Corrections Center is "one of the worst [jails] in the country".

74. Defendants Cuyahoga County, Pinkney, Mills and Ivey's *Monell* policy, practice and/or custom is to unconstitutionally allow inmates to be housed without giving them their prescribed medication.

75. Defendants Cuyahoga County, Pinkney, Mills and Ivey's *Monell* policy, practice and/or custom includes the failure to adequately train, supervise, monitor and

discipline Cuyahoga County Corrections Center personnel who engage in constitutional violations.

76. Defendants Cuyahoga County, Pinkney, Mills and Ivey each caused Plaintiffs Tabatha Jackson and Phyllis Davis harm through their acts and failures to act.

77. Defendants Cuyahoga County, Pinkney, Mills and Ivey imposed cruel and unusual punishment upon Plaintiffs Tabatha Jackson and Phyllis Davis, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

78. One or more of the polices, practices and/or customs was maintained and implemented by Defendants Cuyahoga County, Pinkney, Mills and Ivey with deliberate indifference to Plaintiffs Tabatha Jackson and Phyllis Davis's constitutional rights and were a moving force behind the violations of those rights.

79. These widespread practices were so well-settled as to constitute de facto policy and were allowed to exist because the policymakers, Defendants Cuyahoga County, Pinkney, Mills and Ivey, with authority over the conduct exhibited deliberate indifference to the problems, thereby effectively ratifying them.

80. As a direct and proximate result of Defendants Cuyahoga County, Pinkney, Mills and Ivey's actions and inactions, Plaintiffs Tabatha Jackson and Phyllis Davis's constitutional rights were violated and they suffered injuries and damages, including but not limited to physical sickness and injury, physical pain and suffering, emotional pain and suffering, permanent scarring and other grievous and continuing injuries and damages.

81. Defendants Cuyahoga County, Pinkney, Mills and Ivey's conduct evidences a conscious disregard for the rights and safety of Plaintiffs that had a great probability

of causing, and did so cause, substantial damages, thereby rendering Defendants liable for punitive damages and attorney fees. Additionally, Defendants acted maliciously, willfully, recklessly and wantonly.

82. Defendants Cuyahoga County, Pinkney, Mills and Ivey are jointly and severally liable for this conduct.

**PLAINTIFF TABATHA JACKSON'S INDIVIDUAL COUNT THREE**
42 U.S.C. § 1983 - Fourth and Fourteenth Amendments
Against Defendants Cuyahoga County, Pinkney, Mills, Ivey and Pritchett

83. All of the foregoing paragraphs are incorporated as though fully set forth here.

84. On or about December 10, 2018, Defendant Randy Pritchett used excessive and unconstitutional force upon Plaintiff Tabatha Jackson.

85. Defendant Pritchett grabbed Plaintiff Tabatha Jackson by the arms and slammed her stomach side down onto a desk.

86. Thereafter, Defendant Pritchett threw Plaintiff Tabatha Jackson into a steel pole and then forcefully handcuffed her.

87. At the time he used the unreasonable force, Defendant Pritchett knew Plaintiff Tabatha Jackson had been shot in the back, stomach and arm and required a wheelchair.

88. As a direct and proximate result of Defendant Pritchett's use of excessive force, Plaintiff Tabatha Jackson suffered from anxiety and nightmares and she was prescribed Prosasin and Visteral.

89. Defendant Pritchett's use of excessive force was pursuant to the polices, practices and/or customs maintained and implemented by Defendants Cuyahoga County, Pinkney, Mills and Ivey.

90. The widespread practice of the use of excessive force in the Cuyahoga County Corrections Center were so well-settled as to constitute de facto policy and was allowed to exist because the policymakers, Defendants Cuyahoga County, Pinkney, Mills and Ivey, with authority over the conduct exhibited deliberate indifference to it, thereby effectively ratifying it.

91. Defendants Cuyahoga County, Pinkney, Mills and Ivey's *Monell* policy, practice and/or custom is to unconstitutionally allow Cuyahoga County Corrections Center personnel to use excessive force upon inmates.

92. Defendants Cuyahoga County, Pinkney, Mills and Ivey's *Monell* policy, practice and/or custom includes the failure to adequately train, supervise, monitor and discipline Cuyahoga County Corrections Center personnel who engage in clearly established constitutional violations.

93. The U.S. Marshals' report on the Cuyahoga County Corrections Center is attached to this Complaint and the report is expressly incorporated herein by reference.

94. The U.S. Marshals' report states the Cuyahoga County Corrections Center is "one of the worst [jails] in the country".

95. As a direct and proximate result of Defendants Cuyahoga County, Pinkney, Mills, Ivey and Pritchett's actions and inactions, Plaintiff Tabatha Jackson's constitutional rights were violated and she suffered injuries and damages, including but not limited to physical sickness and injury, physical pain and suffering, emotional pain and suffering, and other grievous and continuing injuries and damages.

96. Defendants Cuyahoga County, Pinkney, Mills, Ivey and Pritchett's conduct evidences a conscious disregard for the rights and safety of Plaintiff that had a great

probability of causing, and did so cause, substantial damages, thereby rendering Defendants liable for punitive damages and attorney fees. Additionally, Defendants acted maliciously, willfully, recklessly and wantonly.

97. Defendants Cuyahoga County, Pinkney, Mills, Ivey and Pritchett are jointly and severally liable for this conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Tabatha Jackson and Phyllis Davis respectfully request that the Court grant them judgment against all Defendants, jointly and severally, as follows:

A. That the Court award Plaintiffs compensatory damages, economic and noneconomic, in an amount in excess of $25,000 for, among of things, physical injury, emotional pain and suffering, loss of enjoyment of life, stress, depression, and any and all other continuing injuries and damages they suffered and will suffer in the future;

B. That the Court award Plaintiffs nominal damages for each constitutional violation;

C. That the Court award Plaintiffs punitive damages in an amount in excess of $25,000 against each individual Defendant due to their maliciousness, bad faith, intentional wrongdoing, willfulness, wantonness, recklessness, deliberate indifference and conscious disregard for Plaintiffs' rights and safety;

D. That the Court award Plaintiffs attorney and expert fees, costs, and interest; and

E. That the Court award Plaintiffs such other and further relief as may be just, equitable and proper.

Respectfully submitted,

*/s/ Kevin M. Gross*
Lewis A. Zipkin, Esq. (0030688)
Kevin M. Gross, Esq. (0097343)
ZIPKIN WHITING CO., L.P.A.
The Zipkin Whiting Building
3637 Green Road
Beachwood, Ohio 44122
Phone: 216-514-6400
Fax: 216-514-6406
zfwlpa@aol.com
kgross@zipkinwhiting.com

*Attorneys for Plaintiffs Tabatha Jackson and Phyllis Davis*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable with the maximum number of jurors permitted by law.

<u>/s/ Kevin M. Gross</u>
*Attorney for Plaintiffs*