IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TABATHA JACKSON, et al.,** | ) |
| **Plaintiff,** | ) CASE NO.: 1:20-cv-02649 |
| vs. | ) JUDGE: CHARLES E. FLEMING |
| **CUYAHOGA COUNTY, OHIO, et al.** | ) |
| **Defendants.** | ) |

**DEFENDANT CUYAHOGA COUNTY AND SUBPEONAED NON-PARTY ARMOND BUDISH'S REPLY IN SUPPROT OF THEIR MOTION TO QUASH SUBPEONA AND FOR A PROTECTIVE ORDER**

Defendant Cuyahoga County and Movant Armond Budish move to quash an overly burdensome and premature deposition subpoena seeking to effectively open the deposition-phase of discovery by deposing Armond Budish, the elected County Executive of Cuyahoga County. (Motion to Quash, ECF # 39).

As outlined in Defendants' opening brief, Budish is ultimately responsible for managing over 4,000 employees ranging from social workers to road crews. (Budish dec. at ¶ 2, ECF# 39-3 at PageID# 543). The *Morgan* doctrine creates a strong presumption against permitting the deposition of a high-ranking government official such as Mr. Budish. (Motion to Quash, ECF# 39 at PageID## 520-522). As one district court in the Sixth Circuit held this year, Plaintiffs must show two things before taking Mr. Budish's deposition: (1) they have exhausted other sources that might yield the information sought, and (2) that Mr. Budish has unique first-hand knowledge related to the claim being litigated. *Overall v. Oakland Cty*, E.D. Mich 20-12869, 2022 U.S.

1

Dist. LEXIS 21031 at *6 (Feb. 4, 2022) (collecting authority).Plaintiffs have not made either showing.

A. **Plaintiffs acknowledge that they have failed to pursue other available avenues of discovery before seeking Mr. Budish's deposition.**

As Plaintiffs appear to acknowledge, they have not taken any other depositions or pursued any written discovery, save a single set of document requests. As outlined in Defendants' opening brief, other witnesses and discovery avenues are available. (Motion to Quash, ECF# 39 at PageID## 523-524). In particular, Plaintiffs' failure to pursue a deposition under F.R.C.P. 30(b)(6) is without justification. Such a deposition will likely provide much of the same material that they claim to seek from Budish and, according to the Court's scheduling order, is intended to occur early in the discovery process. (Case Management Schedule, ECF #31).

Plaintiffs do not meaningfully respond either to Defendants' argument in their brief or to Defendants offer to make progress elsewhere in the discovery process before tackling the obviously contentious issue of the Budish deposition. (Counsel email, ECF# 39-2, PageID## 538-339). Such progress will almost certainly limit the scope of, or eliminate the need entirely, for the Budish deposition.

Indeed, Plaintiffs' failure to make efforts at progress elsewhere strongly suggests a bad-faith motive to harass the highest-ranking official in the County government with a lengthy and contentious deposition, as opposed to a good-faith discovery device.

The subpoena to Mr. Budish should be quashed because Plaintiffs have utterly failed to pursue other avenues of discovery before seeking to depose the County Executive. In the alternative, any deposition of Mr. Budish must be appropriately limited in scope and duration.

### B. Plaintiffs have failed to show that Mr. Budish has unique personal knowledge relevant to their case.

Plaintiffs failure to demonstrate that Mr. Budish possesses any unique and relevant information flows naturally from their failure to pursue other discovery in this matter. Plaintiffs do not submit any remotely (or even arguably) admissible evidence with their opposition.

Instead, in a maneuver entirely consistent with their apparent litigation strategy,[1] Plaintiffs resort to rank plagiarism in their attempt to demonstrate that Mr. Budish has some unique knowledge of their circumstances that warrant his deposition. Plaintiffs rely entirely on hearsay in the form of pleadings from other cases, newspaper articles and selective testimony from the criminal trial of former Jail Director Ken Mills. None of this material would be admissible. None is relevant to their case. Moreover, to the extent that Plaintiffs' attachments prove anything, they establish that comparable testimony is available elsewhere.

#### 1. Plaintiffs' attachments are not evidence.

Plaintiffs have made no evidentiary showing at all because the assortment of materials attached in their opposition lack any evidentiary value.

<u>News articles and argument.</u>  Many of Plaintiffs' assertions about Budish are either completely unsupported by any record citations[2] or rely on newspaper articles.[3] News reports constitute inadmissible hearsay and hearsay lacks evidentiary value. See *Davis v. Detroit Pub.*

---

[1] Much of Plaintiffs' Complaint involves simply, attaching, accepting, and sensationalizing a November 2018 "Quality Assurance Review" completed for the U.S. Marshal's Service, a strategy that many courts frown upon. See, e.g. *Fraker v. Bayer Corp.*, E.D.Cal. No. CV F 08 - 1564 AWI GSA, 2009 U.S. Dist. LEXIS 125633, at *12 (Oct. 2, 2009) (granting motion to strike allegations derived solely from prior FTC investigation, and observing that "the Rule 11 non-delegable duty of the signing attorney means that a complaint, while it may refer to allegations set forth in a complaint in a different action, may not 'rely entirely on another complaint as the sole basis for [its] allegations'"); *In re UBS Ag Secs. Litigation*, S.D.N.Y., 2012 U.S. Dist. LEXIS 141449, at *53 (Sep. 28, 2012), fn. 17 (pursuant to F.R.CP. 11, a court need not consider parroted allegations for which counsel has not conducted an independent investigation).
[2] See discussion concerning Ken Mills's qualification on p. 2. (Opposition, ECF # 40, PageID# 547).
[3] Opposition, ECF # 40, PageID# 551

*Sch. Cmty Dist.*, 835 F'Appx 18, 22 (6th Cir. 2020). Similarly, arguments in Plaintiffs' brief that are not supported by citations to the record are not evidence. See *Duha v. Agrium*, 448 F.3d 867, 879 (6th Cir. 2006). Accordingly, newspaper articles and unsupported assertions should not be considered in support of Plaintiffs' deposition subpoena.

<u>Pleadings and judicial decisions from other cases.</u>  In places, Plaintiffs present quotations from judicial opinions in other cases concerning the Cuyahoga County Corrections Center as evidentiarily established facts equal to evidentiary support. See, e.g. Opposition, ECF # 40, PageID# 547, citing *Moderwell v. Cuyahoga Cty,* 997 F.3d 653 (6th Cir. 2021); *Brack v. Budish.* N.D. Ohio No. 1:19cv1436, 2022 U.S. Dist. LEXIS 734365 (Apr. 21, 2022).

Although prior judicial decisions may have legal precedential value, they are not evidence.  Moreover, neither *Moderwell* nor *Brack* involved any evidentiary record. *Moderwell* involved the adequacy of the allegations in a complaint for purposes of a motion to dismiss. See *Moderwell,* 997 F.3d at 659-660. And pleadings are not evidence. See *Shreve v. Franklin County*, 743 F.3d 126, 136 (6th Cir. 2014), citing Fed. R. Civ. P. 8 and Fed. R. Evid. 401.

Judge Calabrese's decision in *Brack* resolved a sanctions motion filed after the case had resolved. See *Brack*, 2022 U.S. Dist. LEXIS 73436, at *16. None of the passages identified by Plaintiffs refer to record material or even suggest that such material underpin the decision. While Plaintiffs' use selective quotations from the *Brack* decision to suggest that their assertions about the County and Budish are true, nobody proved anything in the *Brack* case and Plaintiffs have failed to prove anything here.

<u>Testimony from the Ken Mills criminal trial.</u>  Plaintiffs attach excerpts from the three-week criminal trial to "prove" that Mr. Budish had personal involvement in this case. But this testimony is inadmissible here.

Former testimony is admissible under Fed.R.Evid. 804(b)(1) if, and only if: 1) the declarant is "unavailable;" and 2) the testimony is offered against a party who had (or its predecessor in interest had) an opportunity and similar motive to develop it by direct or cross examination.

Here, there is no indication that any of the individuals whose testimony is excepted and attached to Plaintiffs' opposition is "unavailable" to provide declarations or deposition testimony in this case.

More importantly, neither Defendants nor Mr. Budish participated in Mr. Mills's criminal trial and did not have an opportunity to develop testimony during this proceeding. "The opportunity to examine the declarant provides safeguards similar to the circumstantial guarantees of trustworthiness found in other exceptions to the hearsay rule." *In re Complaint of Paducah Towing Co.*, 692 F.2d 412, 418 (6th Cir.1982). The *Mills* criminal trial involved resolving the issue of Mr. Mills's culpability for certain criminal conduct, including making false statements to the Cuyahoga County Council and dereliction of duty. No party to the Mills trial had any motivation to protect the interests of Defendant Cuyahoga County or Mr. Budish. Mills was prosecuted by the State of Ohio, which was clearly motivated, in part, to attack the management of the jail. Mr. Mills was motivated, in part, by a desire to shift blame elsewhere. In the end, Mr. Mills was convicted of some of the charges against him. Neither the County nor Budish was convicted of anything.

The Court must reject Plaintiffs' repeated attempts to meet their burdens by attaching "greatest hits" collections of unauthenticated and inadmissible documents from elsewhere. Plaintiffs must prove their own case.

### 2. **Plaintiffs offer no argument relevant to their individual claims.**

Tellingly, Plaintiffs do not mention themselves in their opposition and barely mention their own claims. At most, Plaintiffs suggest that Budish may have some unique knowledge about the operation of the jail generally or a "jail regionalization plan." See, e.g. Opposition, ECF # 40 at PageID# 551-554. But knowledge, even unique knowledge, of the jail on a general level does not mean that Mr. Budish possesses relevant knowledge in <u>this case</u>. Except for Jackson's excessive force claim,[4] the County itself is the only defendant in this action. In order succeed on their *Monell* claims against the County, "plaintiff[s] must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Kinsey v. Ohio*, 6th Cir. No. 20-3315, 2021 U.S. App. LEXIS 723, at *7 (Jan. 11, 2021), quoting *Garner v. Memphis Police Dep't,* 8 F3d 358, 364 (6th Cir. 1993).

Here, Plaintiffs do not attempt to connect the dots, with evidentiary support or otherwise. In their Opposition, Plaintiffs do not identify any policy or practice by the County and connect it to anything that happened to them. At most, Plaintiffs rely on the inadmissible materials above to suggest, in broad terms, that the County undertook a regionalization program, which caused unspecified problems with the administration of the jail.

Plaintiffs simply do not connect these arguments to any injury they suffered or any testimony they hope to illicit from Mr. Budish. Without at least a preliminary showing that the "dots connect," Plaintiffs should not be permitted to proceed with a deposition of Mr. Budish.

---

[4] Count 3, Amended Complaint, ECF # 20, PageID# 302.

3. **Plaintiffs' attachments demonstrate that the testimony that they are seeking is available elsewhere.**

Finally, the materials attached to Plaintiffs' opposition affirmatively prove Defendants' initial point: other witnesses – including individuals identified by Plaintiffs from the *Mills* trial transcript – may be able to provide the information they apparently seek.  But Plaintiffs have opted instead to harass Mr. Budish with a subpoena before bothering to depose other potential witnesses or engage in any meaningful discovery.

C. **Conclusion.**

Plaintiffs have neither made any efforts to pursue alternative discovery avenues nor have they presented any relevant or potentially admissible material supporting their assertion that Mr. Budish possesses unique personal knowledge concerning their claims.  The deposition subpoena should be quashed.

> Respectfully submitted,
>
> MICHAEL C. O'MALLEY, Prosecuting Attorney of Cuyahoga County, Ohio
>
> By: /s/ *Michael J. Stewart*
> Michael J. Stewart (0082257)
> mjstewart@prosecutor.cuyahogacounty.us
> Phone: (216) 443-6673
> Brendan D. Healy (0081225)
> bhealy@prosecutor.cuyahogacounty.us
> Phone: (216) 698-6447
> Jillian Eckart (0088770)
> jeckart@prosecutor.cuyahogacounty.us
> Phone: (216) 443-7618
> CUYAHOGA COUNTY PROSECUTOR'S OFFICE
> The Justice Center, Courts Tower
> 1200 Ontario Street, 8th Floor
> Cleveland, OH  44113
> Fax: (216) 443-7602
> *Attorneys for Defendant Cuyahoga County and Randy Pritchett and Subpoenaed Non-Party Armond Budish*