**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **TABATHA JACKSON, et al.,** ) | |
| ) | |
| ) | **CASE NO.: 1:20-cv-02649** |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **JUDGE: CHARLES E. FLEMING** |
| ) | |
| **CUYAHOGA COUNTY, OHIO, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

---

**DEFENDANTS CUYAHOGA COUNTY AND RANDY PRICHETT'S**
**MOTION FOR LEAVE TO ANSWER FIRST AMENDED COMPLAINT**

---

Now come Defendants Cuyahoga County and Randy Pritchett and respectfully move the

Court for leave pursuant to Fed.R.Civ.P. 6(b) for leave to file an answer to Plaintiffs' First

Amended Complaint ("FAC"), ECF# 20.  A proposed answer is attached hereto as Exhibit 1.

Except for the class definition in Paragraph 23(b), the FAC is identical to Plaintiffs'

original State-Court Complaint, ECF# 1-1.  Likewise, Defendants' proposed answer to the FAC is

identical to their original answer, ECF# 4.  Defendants do not seek to add additional affirmative

defenses about which Plaintiffs were unaware.  Moreover, Plaintiffs have abandoned their class

allegations, which formed the only distinction between the original and amended complaint.

Plaintiffs will suffer no prejudice due to the delay.

## I.     RELEVANT PROCEDURAL HISTORY

Plaintiffs originally filed their class action complaint in state court on October 23, 2020.

(Cmplt., ECF # 1-1).  Plaintiffs filed individual claims related to medical treatment (*Id*. at ¶¶ 57-

82) and Jackson's allegations of excessive force against a corrections officer. (*Id*. at ¶¶ 83-97). Plaintiffs also assert class-action claims related to alleged unconstitutional conditions at CCCC (Id. at ¶¶ 18-40).  On the February 13, 2022 Case Management Conference, Plaintiffs informed Defendants and the Court of their intent to abandon their class allegations.  (ECF# 56).

Defendants timely removed the case to Federal Court and the case was assigned to the docket of Judge Pamela Barker. (Notice of Removal, ECF # 1).  Defendants timely answered the original Complaint, raising 26 affirmative defenses.  ECF# 4.   Based on the initial pleadings, Defendants also sought to strike all class allegations and dismiss certain claims from the case. (Motion to Strike, ECF # 10; Motion for Judgment on the Pleadings, ECF# 11).  Judge Barker substantially granted Defendants' motions, dismissing certain individual defendants and striking the class allegations from the Complaint.  (Memorandum Order, ECF # 18).  Judge Barker, however, permitted Plaintiffs an opportunity to amend the one proposed class definition to address the "fail-safe" problem.  *Id*. at pp. 26-27.

On June 3, 2021, Plaintiffs filed their First Amended Complaint, ECF# 20.  The only substantive change involved the definition of the proposed "monetary relief" subclass in Paragraph 23(b).  Compare: Cmplt., ECF# 1-1 to FAC, ECF# 20.  Otherwise, the two versions of the Complaint were identical, *verbatim*.  *Id.*

Defendants again sought to strike the class allegations and dismiss certain claims.  (ECF# 21).  Judge Barker denied Defendants' second motion to strike on August 19, 2021.  (ECF# 26).

The parties proceeded to discovery.  Plaintiffs served their first request for production of documents on December 10, 2021 – or approximately two-and-a-half months after the discovery period opened at the end of September. Defendants responded by providing over 23,000 pages of documents in two productions: first on February 4, 2022, and a second on February 24, 2022.

Defendants have produced additional documents, mostly Plaintiffs' medical records, in two additional productions in the summer and fall of 2022.

On February 4, 2022, the parties jointly requested, and the Court granted, a 90-day extension to all case management deadlines. (ECF ## 33, 34). Defendants took the deposition of Plaintiffs Tabatha Jackson and Phyllis Davis on April 14 and 19, 2022, respectively. Two days later, on April 21, 2022, Plaintiffs filed a second motion for a further 90-extenison of all deadlines, citing the death of Plaintiff's Counsel's mother in February. (ECF # 36).

On May 19, 2022, Plaintiffs' counsel personally served a deposition subpoena on former County Executive Armond Budish at his home. (ECF # 39-1). Defendants, along with Mr. Budish, sought to quash the subpoena on the grounds the Federal Rules of Civil Procedure and decades of federal precedent impose an overwhelming presumption against the deposition of a high-ranking government official, such as Mr. Budish, absent extraordinary circumstances, including exhausting other means of discovery. (ECF # 39). The Court quashed the Budish subpoena without prejudice to revisit the issue after Plaintiff had pursued other discovery means, particularly a deposition of Cuyahoga County pursuant to Fed.R.Civ.P. 30(b)(6).

Beyond responding to a discovery dispute letter in May of 2022, Plaintiffs appear to have taken no further action to prosecute this matter. Plaintiffs have not pursued additional written discovery, requested any additional depositions or prosecuted any of the discovery disputes to which they generally alluded in Spring 2022. (ECF# 39-2).

Pursuant to the Court's existing scheduling order,[1] Defendants produced two expert reports on November 1, 2022: Corrections expert Donald Leach and Corrections medical expert Donald Kern (ECF## 48, 49). Defendants renewed their request to strike class allegations and filed

---

[1] ECF# 38.

dispositive motions on February 1, 2023.  (ECF## 52, 53, 54).  That is, Defendants litigated this throughout case and complied with all applicable court deadlines.

The Court held a status on February 13, 2023.  Among other matter, the Court noted that Defendants have not answered the First Amended Complaint.  A review of the docket indicates that the Court is correct.  On the status call, followed by a non-document order, the Court directed Defendants to seek leave to answer.

## II.      LAW AND ARGUMENT

Pursuant to Fed.R.Civ.P. 12(a)(4)(A), Defendants' answer to the FAC was due 14 days after Court denied their motion to strike in August 2021.  Pursuant to Rule 6(b)(1)(B), the court may, for good cause shown, extend the time to file "on [a] motion made after the time [to file] has expired if the party failed to act because of excusable neglect."  Neglect occurs where the failure to do something occurred because of a simple, faultless omission to act.  *Mosholder v. Lowe's Home Ctrs*., LLC, N.D.Ohio No. 5:18cv1325, 2020 U.S. Dist. LEXIS 41902, at *3 (Mar. 11, 2020),  *Morgan v. Gandalf, Ltd*., 165 F. App'x 425, 428 (6th Cir. 2006).

Whether neglect is excusable is determined using an equitable balance of five factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith.  *Id.,* citing *Nafziger v. McDermott Int'l, Inc*., 467 F.3d 514, 522 (6th Cir. 2006).

*Mosholder* and *Morgan* are directly on point here.  In *Morgan,* the Sixth Circuit affirmed the District Court's decision to permit the Defendant to answer a after the close of discovery and with motions for summary judgment pending.  *Morgan,* 165 F'Appx at 429-430.  In *Mosholder,* Judge Lloi permitted the Defendant to file an answer after she noted the absence of an answer

when she was reviewing the fully-briefed motions for summary judgment and raised the issue with the parties on a status call.  *Mosholder,* 2020 U.S.Dist.LEXIS 419402 at **1-2.  In both cases, like this one, Defense counsel indicated that the failure to answer was simply an oversight following the denial of a motion to dismiss.  In both cases, the absence of an answer did not prevent the parties from litigating the case in the normal fashion.

**Danger of prejudice to the non-moving party**. Judge Lloi noted that the parties had litigate the case for over a year without noticing the oversight and "there is no indication that the case would have been litigated any differently had an answer been timely filed."  *Mosholder,* 2020 U.S.Dist.LEXIS 419402 at *4.  Here, Counsel for Plaintiffs indicated that they were aware of the oversight on the status call of February 13, 2023.  However, Plaintiffs have not taken any steps to pursue a default judgment, or otherwise bring the matter to the Court's attention.

Here, two factors make the danger of prejudice unusually slight.  First, Defendants have timely answered a nearly identical complaint earlier in the litigation.  (ECF# 4).  The proposed new filing does not add any additional defenses or denials, except those related to class allegations that Plaintiffs have now voluntarily abandoned.  Second, Defendants' neglect to answer the amended complaint likely had no impact on Plaintiffs' stated litigation strategy, which was apparently significantly affected by an inability to fund the case.

**The length of the delay and its potential impact.**  As Judge Lloi noted in a similar case, "the length of delay is great, but its impact on proceedings is slight."  *Mosholder,* 2020 U.S.Dist.LEXIS 419402 at *4.  This factor does not cut either way.

**The reason for the delay and whether it was in the control of the moving party.**  These two factors likely do not help Defendants as simple inadvertence is generally not a particularly good reason for a late filing and such inadvertence was within the control of defense counsel.  In

this instance, however, the procedural history surrounding the FAC was somewhat complex and unusual: a nearly identical amended complaint, followed by the voluntary dismissal of some claims and parties, followed by additional briefing, followed by a decision focused solely on class-related issues.  See ECF## 20-26.

**Whether the late-filing party acted in good faith.**  Here, the oversight was made in good faith.  Defendants continued to litigate the matter as normal and otherwise complied with case-management deadlines.  This is, "defense counsel thoroughly litigated a potentially dispositive motion on behalf of his client and simply neglected to file an answer to the complaint thereafter. This oversight was not raised by plaintiff, but by the Court, during its [recent] status call." *Mosholder,* 2020 U.S.Dist.LEXIS 419402 at *6 (internal citations omitted).

Ultimately, on balance, Defendants have demonstrated excusable neglect.  And even if excusable neglect were lacking- and it is not- and Plaintiffs had moved for the entry of default- which they did not- Defendants would be entitled to set aside the default[2] "given [their] facial meritorious defenses and the strong policy favoring adjudication on the merits."  *Mosholder,* 2020 U.S.Dist.LEXIS 419402, quoting *Morgan,* 165 F.App'x at 430.

---

[2] The Sixth Circuit's caselaw on relief from default under Fed.R.Civ.P. 55(c) is also instructive here.  See: *Dassault Systemes SA v. Childress,* 663 F.3d 832 (6th Cir. 2011) (reversing, as an abuse of discretion, the District Court's refusal to lift a default when the Defendant failed to answer, but otherwise actively litigated the case for months even though the Defendant ignored the Court's order to file an answer and engaged in potentially deliberately obstructive litigation tactics). Notably, the *Dassault* Court held that neither delay alone, nor increased litigation costs constitute sufficient prejudice to deny the request to lift the default. *Id.* At 842.  See also: *Murphy v. Lazarev,* 589 F.App'x 757, 763-64 (6th Cir. 2014) (Defendant did not waive affirmative defenses by failing to answer an amended complaint because Plaintiff was otherwise on notice of these defenses from an early stage in the lawsuit); *Jones v. Pekoske,* 6th Cir. No. 21-1061, 2021 U.S. App. LEXIS 36223 (Dec. 7, 2021) (same)

## III.     CONCLUSION

Defendants regret their oversight of not answering the FAC.  However, Defendants respectfully suggest that this failure did not significantly alter proceedings.  Other than issues related to the now-dismissed class allegations, Defendants' proposed answer to the FAC is *verbatim* repetition of their response the original Complaint.

                                        Respectfully submitted,
                                        MICHAEL C. O'MALLEY, Prosecuting
                                        Attorney of Cuyahoga County, Ohio

By:     /s/ *Michael J. Stewart*
             Michael J. Stewart (0082257)
             mjstewart@prosecutor.cuyahogacounty.us
             Phone: (216) 443-6673
             Brendan D. Healy (0081225)
             bhealy@prosecutor.cuyahogacounty.us
             Phone: (216) 698-6447
             Matthew Convery (0095704)
             mconvery@prosecutor.cuyahogacounty.us
             Phone: (216) 443-7763
             CUYAHOGA COUNTY PROSECUTOR'S OFFICE
             The Justice Center, Courts Tower
             1200 Ontario Street, 8th Floor
             Cleveland, OH  44113
             Fax: (216) 443-7602

             *Attorneys for Defendant Cuyahoga County and Randy Pritchett*

7

## CERTIFICATION OF COMPLIANCE WITH L. R. 7.1(f)

This memorandum is seven (7) pages long (not including this certificate).  This memorandum complies with L.R. 7.1(f).

/s/ *Michael J. Stewart*
MICHAEL J. STEWART (0082257)
Assistant Prosecuting Attorney

## CERTIFICATE OF SERVICE

I certify that on the February 21, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Michael J. Stewart*
MICHAEL J. STEWART (0082257)
Assistant Prosecuting Attorney