# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TABATHA JACKSON, et al.,** | ) |
| **Plaintiff,** | ) CASE NO.: 1:20-cv-02649 |
| vs. | ) JUDGE: CHARLES E. FLEMING |
| **CUYAHOGA COUNTY, OHIO, et al.** | ) |
| **Defendants.** | ) |

## DEFENDANT CUYAHOGA COUNTY'S
## RESPONSE TO PLAINTIFF'S NOTICE OF DISMISSAL AND REQUEST FOR CLARIFICATION

Now comes Defendant Cuyahoga County ("the County") and respectfully files the following response to "Plaintiffs' Notice of Dismissal of Class Claims *Only*," ECF # 56.[1]

Per the Court's scheduling order, ECF # 38, Plaintiffs' Motion to Certify a Class (if any) was due on February 1, 2023. Plaintiffs did not file a class certification motion. In accordance with the Court Ordered dispositive motion deadline, the County filed a Renewed Motion to Strike Class Allegations, ECF # 52. In effect, the County sought a judicial determination that this case cannot proceed as a class action.

---

[1] The body of Plaintiffs' Notice of Dismissal of Class Claims Only does not indicate whether the notice is sought With or Without Prejudice, however, the filing of the Motion cites Fed. Civ. Rule 41(a)(1). To the extent that the Court permitted Plaintiffs to dismiss the class allegations through the non-documented order dated February 21, 2023, Defendants respectfully request clarification of that order for the reasons outlined herein to expressly order the claims dismissed with prejudice, or in the alterative rule on Defendant's pending Motion to Strike Class Allegation. ECF # 52

1

The Court held a telephone status conference on February 13, 2023, to discuss the status of the class allegations and other topics. At that conference, for the first time, Plaintiffs indicated that they no longer intended pursue a class action. Defendants requested that the Court issue an order to that effect. By non-document order dated February 14, 2023, the Court directed Plaintiffs dismiss the class allegations by February 17, 2023.

On February 17, 2023, "Plaintiffs' Notice of Dismissal of Class Claims *Only,*" ECF # 56. Although the filing itself is ambiguous on this point, the entry on the Court's docket indicates that the dismissal is filed pursuant to Fed.R.Civ.P. 41(a)(1). While Defendants agree that the class allegations must be dismissed, it is necessary to make the following two procedural points in response to Plaintiffs' filing.

First, Fed.R.Civ.P. 41 permits the dismissal of entire actions, not individual claims or parties. *Internatl. Watchman v. Oncewill*, N.D.Ohio No. 1:20cv2290, 2021 U.S. Dist. LEXIS 196553, at *3 (Feb. 2, 2021), citing *Philip Carey Mfg. Co. v. Taylor,* 286 F.2d 782, 785 (6th Cir. 1961). Fed.R.Civ.P. 21 is the proper vehicle to drop individual claims or parties. *Id.* But Fed.R.Civ.P. 21 requires a court order and "just terms."

Second, Fed.R.Civ.P. 41(a)(1) does not permit a party to unilaterally dismiss anything after an answer or a motion for summary judgment has been filed. Instead, Plaintiffs require a stipulation or a Court order "on terms the court considers proper." Fed.R.Civ.P. 41(a)(2).

Critically, Plaintiffs' filing is ambiguous about whether they intend to dismiss the class allegations *with* or *without* prejudice. And a dismissal under Rule 41(a)(1) is generally presumed to be without prejudice. Fed.R.Civ.P. 41(a)(1)(B).

Defendants respectfully request that the class allegations be dismissed by Court order and *with* prejudice. To permit otherwise would unfairly prejudice the County by permitting Plaintiffs

to possibly resurrect their class allegations after choosing not to pursue these allegations for over two years.  See: *Dunlap v. Sevier Cty.*, 6th Cir. No. 20-6216, 2021 U.S. App. LEXIS 21961, at *19 (July 23, 2021), citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (requiring an entire action to be dismissed with prejudice under similar circumstances).

      Defendants respectfully request that Plaintiffs' class allegations be stricken or dismissed with prejudice to refiling.

                                          Respectfully submitted,
                                          MICHAEL C. O'MALLEY, Prosecuting
                                          Attorney of Cuyahoga County, Ohio

By:    /s/ *Michael J. Stewart*
           Michael J. Stewart (0082257)
           mjstewart@prosecutor.cuyahogacounty.us
           Phone: (216) 443-6673
           Brendan D. Healy (0081225)
           bhealy@prosecutor.cuyahogacounty.us
           Phone: (216) 698-6447
           Matthew Convery (0095704)
           mconvery@prosecutor.cuyahogacounty.us
           Phone: (216) 443-7763
           CUYAHOGA COUNTY PROSECUTOR'S OFFICE
           The Justice Center, Courts Tower
           1200 Ontario Street, 8th Floor
           Cleveland, OH  44113
           Fax: (216) 443-7602

           *Attorneys for Defendant Cuyahoga County and Randy Pritchett*

## CERTIFICATION OF COMPLIANCE WITH L. R. 7.1(f)

This memorandum is seven (3) pages long (not including this certificate).  This memorandum complies with L.R. 7.1(f).

/s/ *Michael J. Stewart*
MICHAEL J. STEWART (0082257)
Assistant Prosecuting Attorney

## CERTIFICATE OF SERVICE

I certify that on the February 21, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Michael J. Stewart*
MICHAEL J. STEWART (0082257)
Assistant Prosecuting Attorney