**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TABATHA JACKSON, *et al.*, | ) | CASE NO. 1:20-cv-2649 |
|  | ) |  |
|  | ) | JUDGE CHARLES E. FLEMING |
| Plaintiffs, | ) |  |
|  | ) | **ORDER GRANTING LEAVE TO** |
| v. | ) | **FILE ANSWER TO AMENDED** |
|  | ) | **COMPLAINT** |
| CUYAHOGA COUNTY, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

On June 3, 2021, Plaintiffs filed an amended complaint. (ECF No. 20). On June 16, 2021,

Defendants filed a motion to strike the class allegations in the amended complaint. (ECF No. 21).

On August 19, 2021, the Court denied Defendants' motion. (ECF No. 26). The Court then issued

an order on August 20, 2021 scheduling a Case Management Conference on September 27, 2021.

(ECF No. 27). The case was reassigned to the current judge on March 18, 2022.

Prior to a February 13, 2023 status conference, the Court reviewed the record and noticed

that Defendants failed to file an answer to the amended complaint within fourteen days of the

denial of their motion to strike the class allegations. *See* Fed. R. Civ. P. 12(a)(4)(A). At the

February 13, 2023 status conference, the Court addressed this procedural issue. Defendants

expressed surprise that no answer to the amended complaint had been filed. Plaintiffs alleged they

were aware of the lack of an answer.

On February 21, 2023, Defendants moved for leave to file an answer to the amended

complaint. (ECF No. 57). On February 24, 2023, Plaintiffs opposed Defendants' motion. (ECF

No. 59). On February 27, 2023, Defendants replied in support of their motion. (ECF No. 60).

The Court may, for good cause, extend the time in which Defendants shall file an answer

1

if Defendants show they failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).

"Neglect exists where the failure to do something occurred because of a simple, faultless omission

to act, or because of a party's carelessness." *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th

Cir. 2006) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005)).  To determine if

the neglect was excusable, the Court engages in an equitable determination based on a balancing

of five factors: 1) the danger of prejudice to the nonmoving party, 2) the length of the delay and

its impact on judicial proceedings, 3) the reason for the delay, 4) whether the delay was within the

reasonable control of the moving party, and 5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs.*

*Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

## Prejudice

Defendants argue that the danger of prejudice to the Plaintiffs is slight because they timely

answered (ECF No. 4) a nearly identical, initial complaint earlier in the litigation and their

proposed answer does not assert any additional defenses or denials beyond their original answer.

(ECF No. 57, PageID 2284).  The Court reviewed Defendants' answer to the original complaint

and the attached proposed answer and confirmed they are nearly identical.  Plaintiffs allege that

allowing leave to answer would unduly prejudice them "given that they relied on the Defendants'

admissions to establish liability for their individual claims, without having to shoulder the burden

of the exorbitant costs associated with federal civil rights litigation, which would necessarily have

included deposing the Defendants' expert witnesses." (ECF No. 59).

Plaintiffs' own actions, and lack thereof, subvert this argument.  Contrary to Plaintiffs'

argument, the record reflects that Plaintiffs sought to diligently litigate this case for over a year

after the missed answer deadline without any mention of the lack of an answer to their amended

complaint.  The answer deadline passed prior to the September 27, 2021 Case Management Conference, during which Plaintiffs agreed to discovery deadlines. (ECF No. 31).  Plaintiffs and Defendants then jointly requested a ninety-day extension of those deadlines on February 4, 2022. (ECF No. 33).  Tabatha Jackson was deposed on April 14, 2022 and Phyllis Davis was deposed on April 19, 2022.  (ECF No. 46 and 47).  On April 21, 2022, Plaintiffs moved for another ninety-day extension of all case management deadlines.  (ECF No. 37).  On that same day, Plaintiffs served a subpoena on Armond Budish (ECF No. 39, PageID 530), which the Court ultimately quashed (ECF No. 43).  None of this reflects a trial strategy of relying on the belief that Defendants had admitted liability by not answering the amended complaint.

In reviewing the record, the Court finds little, if any, prejudice to Plaintiffs in allowing Defendants to file their nearly identical, proposed answer to Plaintiffs' nearly identical amended complaint.  The parties have litigated this case for over a year without any mention of Defendants' oversight.  The Court, not Plaintiffs, ultimately raised the issue of the deficiency *sua sponte*. Plaintiffs have not indicated any real prejudice that they may suffer if Defendants are allowed to file their answer.  The lack of prejudice weighs in favor of a finding of excusable neglect.

### Length of Delay

The length of delay in filing the answer is quite large.  Defendants should have filed an answer by September 2, 2021.  The delay is not as great as the Plaintiffs alleged, as it has not been two-and-a-half years since the deadline.  (ECF No. 59).  It has been almost one-and-a-half years. The delay also has had little to no impact on proceedings, as noted above.  Consequently, this factor weighs in favor of finding excusable neglect.

### Reason for Delay and Reasonable Control

Defendants admitted they do not have any particularly good reason for the delay, but they

3

argued that the procedural history surrounding the filing of the first amended complaint was complex.  (ECF No. 57, PageID 2285).  The Court notes that the decision denying Defendants' motion to strike did not mention filing an answer or a deadline by which to do so.  (ECF No. 26). The next day, a Case Management Conference scheduling order went out, which likely added to the confusion.  (ECF No. 27).  However, the Court finds that the reason for the delay was in the reasonable control of the moving party. These factors weigh against finding excusable neglect.

### Good Faith

The Court finds that the Defendants' oversight was in good faith.  Defendants continued to litigate the matter as normal and complied with all case management deadlines.  Upon learning of their mistake, Defendants took immediate steps to rectify the situation.  Ultimately, the Court finds that allowing Defendants to remedy this procedural error has little to no effect on the course of these proceedings.

Plaintiffs argued that Defendants should be prohibited from raising any affirmative defenses because they waived all defenses by not filing an answer to the amended complaint.  (ECF No. 59).  However, the Sixth Circuit has previously held that if Plaintiffs are on notice of an affirmative defense, that affirmative defense is not waived, even if Defendants failed to file an answer to Plaintiffs' amended complaint.  *See Murphy v. Lazarev*, 589 F. App'x 757, 763–64 (6th Cir. 2014).  In this instance, all affirmative defenses raised by Defendants in their proposed answer to Plaintiffs' amended complaint were previously raised in their initial answer.  Thus, Plaintiffs have been on notice concerning these defenses since December 2, 2020, well over two years.  (ECF No. 4).  Consequently, contrary to Plaintiffs' assumption, there is no need for any further discovery if the Court allows Defendants to file an answer to the amended complaint.  The proposed answer Defendants submitted raises no new issues.  This factor weighs in favor of a finding of excusable

5

neglect.

After balancing the five factors, the Court finds that Defendants have established excusable neglect.  The Court **GRANTS** Defendants' motion requesting leave to file an answer to Plaintiffs' amended complaint.  Defendants shall re-file the answer attached to their motion by March 3, 2023.

**IT IS SO ORDERED**.

Dated:  February 28, 2023

_____

**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

5