IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TABATHA JACKSON, et al., | ) |
|     Plaintiff, | ) CASE NO.: 1:20-cv-02649 |
| vs. | ) JUDGE: CHARLES E. FLEMING |
| CUYAHOGA COUNTY, OHIO, et al. | ) |
|     Defendants. | ) |

**DEFENDANT RANDY PRITCHETT'S
REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Now comes Defendant Randy Pritchett and respectfully files the following Reply in Support of his Motion for Summary Judgment, ECF # 54.

The Court should grant Mr. Pritchett's motion. Plaintiffs failed to address any portion of Defendant's Motion for Summary on the grounds of Defendant Pritchett being entitled to qualified immunity. In addition, Plaintiffs' Opposition fails to identify the analogous alleged clearly established constitution right to which Pritchett is alleged to have violated. Even without disputing the allegations as made by Plaintiff, Defendant Pritchett used of force to detain Jackson fails to rise to the level of any clearly established constitutional violation. Therefore, Defendant is entitled to qualified immunity and this Court must grant Summary Judgment in Pritchett's favor.

    A. **<u>Plaintiffs fails to respond to Pritchett's invocation of qualified immunity or identify a prior controlling decision that is squarely on point.</u>**

Pritchett invoked the affirmative defense of qualified immunity in his initial filing. MSJ, ECF# 54 at PageID# 2243-2244. Specifically, Pritchett argued that Plaintiffs have failed to

1

identify a sufficiently similar prior case to pass the "clearly established" prong of the qualified immunity defense. Plaintiffs fail to respond.

"[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Mich.*, 545 F.App'x 368, 372 (6th Cir. 2013), citing *Colston v. Cleveland Pub. Library*, N.D. Ohio No. 1:12cv204, 2012 U.S.Dist.LEXIS 113527 at n.2 (Aug. 13, 2013) (deeming a claim abandoned and granting summary judgment when a plaintiff did not respond or even mention claim in her opposition to Defendants' motions for summary judgment).

Plaintiff fails to address, or even mention, Defendant's invocation of qualified immunity. Further, Plaintiff fail to specifically identify authority overcoming the "clear established" prong of qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009), quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Courts review the facts presented in determining if a clearly established constitutional right at issue, "it is not enough that a rule be suggested by then-existing precedent; the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *City of Tahlequah v. Bond*, 595 U.S.___, 142 S.Ct. 9, 11 (2021) quoting *Saucier v. Katz*, 533 U. S. 194, 202 (2001). Such specificity is "especially important in the Fourth Amendment context," where it is "sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Id.* quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)(internal quotations omitted). The Supreme Court has repeatedly warned lower courts against defining the right "at a high level of generality." *Mullenix*, 577 U.S. at 12. The clearly-established inquiry must be undertaken in light of the specific conduct of the case, the court must enunciate a concrete, particularized description

of the right. Where jurisprudence does not "squarely govern" the specific set of facts at hand, qualified immunity is proper. *Mullenix*, 577 U.S. at 13.

In their entire response, Plaintiffs cite only two cases that are even arguably similar: *Lawler v. City of Taylor*, 268 F.App'x 384, 386-388 (6th Cit. 2008) and *McGovern v. Lucas County*, Ohio, N.D. Ohio No. 3:18-CV-2506, 2021 U.S.Dist.LEXIS 59043 (March 29, 2021).

*Lawler* is distinguishable. *Lawler* dealt with an officer who tackled an inmate, breaking his arm, for insulting him and raising his arm slightly. *Lawler,* 268 F.App'x at 386. Here, the facts, even as described by Jackson, are that following a serious altercation with another "razor-welding inmate," in a crowd "bullpen,[1]" Defendant Pritchett shoved her into a desk and wall. The "force" alleged by Jackson resulted in no documented injuries. Further, *Lawler* bases its holding on Lawler's "clearly established [Lawler's] right to be free from gratuitous force during book." *Id.*

*McGovern* is not relevant and easily distinguishable. *McGovern* is a District Court decision decided on March 2021, or approximately two-and-a-half years after the interaction between Jackson and Pritchett. A right is clearly established only when "<u>existing</u> precedent *** placed the statutory or constitutional question beyond debate." *Gordon v. Bierengla,* 20 F.4th 1077, 1082 (6th Cir. 2021); *Middaugh v. City of Three Rivers*, 684 F.App'x 522, 524 (6th Cir. 2017). Moreover, to determine if the law is clearly established the Court must look principally to the law of the Sixth Circuit and to the Supreme Court. *Korthals v. Cty. of Huron*, 797 F.App'x 967, 970 (6th Cir. 2020). It is doubtful that a single District Court decision can result in a "clearly established" right.

---

[1] Plaintiff she was in a holding area referred to as the "bullpen" with 30 other women. See (Jackson 95: 15).

3

*McGovern* is also factually distinguishable. In *McGovern*, an inmate and a Correction Officer got into a verbal argument and the inmate raised his middle finger at the Correction officer and said "f--- you." *McGovern*, 2021 U.S.Dist.LEXIS 59043 at *5. The Correction Officer grabbed the inmate by the collar and violently jerked him backward toward the ground, kneeling on his upper back and head, while placing him in handcuffs. *Id.* The Court determined that the Correction Officer had not engaged in the objectively reasonable use of force when he initiated an altercation out of apparent frustration with McGovern's "verbal outburst" and demands to use the phone, and that McGovern's "constitutional right to be free from such treatment was clearly established." *Id.* at *15. Even according to Jackson's account, Pritchett was responding to a physical altercation between two inmates, not a mere verbal provocation from a disorderly inmate.

Again, assuming Jackson's allegations are true, Jackson states Defendant shoved her into a wall and desk and then handcuffed her, all of which resulted in no documented or verifiable injuries from any of Jackson's medical providers. The "law is clearly established that an officer may not use additional gratuitous force once a suspect has been neutralized." *Alkhateeb v. Charter Township of Waterford*, 190 F. App'x 443, 452 (6th Cir. 2006), citing *Phelps v. Coy*, 286 F.3d 295, 296 (6th Cir.2002). Any force used by Defendant was ended when she was handcuffed and neutralized from fighting Inmate Suleiman or other Inmates in the "bullpen."

Unlike the facts that Plaintiff attempts to use from other caselaw, Defendant had not, and is not alleged to have, engaged in a verbal argument that is the underlying reason for the force alleged – rather, Defendant was responding to a "razor-welding" fight between two inmates in a crowd "bullpen," and was neutralizing without further injuring both inmates until there was no longer a threat to physical safety and they could be seen by medical. Neither are applicable to the

4

facts Plaintiff presents, as such, Plaintiff has failed to state a constitutional claim and Defendant Pritchett is entitled to qualified immunity and summary judgment in his favor.

Plaintiff fails to cite any facts[2] in the record or case law that even Pritchett's "sprinting into the room," and restraining Jackson against a desk and concrete wall and use of handcuffs is evidence of Pritchett using force that was malicious, gratuitous and unreasonable. Plaintiff contends prior to Defendant Pritchett's arrival, Jackson was in the "bullpen" with a group of other unrestrained inmates, when a "razor -wielding inmate" and her got into an altercation. Defendant Pritchett (justifiably) sprinted into the room pushed her against a desk and wall and put her in handcuffs, even if true, Plaintiff fails to acknowledge the critical factors[3] for this Court to determine when deciding if force was excessive.

In determining the reasonableness of an officer's actions, the Court must therefore consider the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397. Plaintiff lack of injuries are just one factor waying in favor of summary judgment in Defendant's favor. Here, the facts presented by Plaintiff, restraining her against a wall and a desk and handcuffing plaintiff, following a fight between inmates in a crowded "bullpen," which resulted in no documented medical injuries or even contemporaneous complaints of injuries is objectively a reasonable response to the incident.

---

[2] Defendant denies the entirety of this narrative, even to the extent that Defendant Pritchett was the Correction Officer who handcuffed Jackson; however, for the purpose of this Motion, Defendant present to the Court that even the version of facts that Plaintiff purports are not a violation of Plaintiff's Constitutional Rights.

[3] *Kingsley* set forth the following, non-exhaustive considerations that bear on the reasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Kingsley*, 576 U.S. at 397.

B. <u>**The undisputed evidence establishes that Jackson did not suffer injury.**</u>

Plaintiff's attempt to cite the U.S. Marshall's Report as evidence applicable to Jackson's claim against Defendant, however, is contrary to the facts that Plaintiff did not dispute or even make mention of in their opposition.[4] Namely, Officers Kimberly Brown-Wiggins, Randy Pritchett, and Nancy Muszyec all completed written reports contemporaneously to their interaction and response to Plaintiff's altercation with Inmate Suleiman. See MSJ, ECF# 54-1, 54-2, 54-3. Jackson and Inmate Suleiman were both seen by the CCCC medical unit immediately following their altercation. (Jackson MetroHealth, ECF# 53-3, at Bates No. County 6619, PageID# 1614).[5] Following which, Jackson was also seen by dental personnel, who also documented Jackson's condition contemporaneous to the altercation with Inmate Suleiman.[6] (*Id.* at Bates No. 6620. PageID# 1615).

Plaintiff fails to address medical documentation evidencing a complete lack of any injuries or complaints of injuries following the altercation with Inmate Suleiman or her purported

---

[4] Plaintiff contends the U.S. Marshals Service "corroborated Jackson's account during its investigation: * * * Written reports are not required from all persons involved in the use of force or any staff who played a role in the incident (i.e. medical, correctional personnel, SRT, etc.)." Response, ECF# 63 at PageID# 3833-383. But the altercation between Jackson and Pritchett is not mentioned in the report. In addition, for the reasons set forth in the County's contemporaneous reply, Plaintiffs offer no reason that the Court should consider the unauthenticated report, and the hearsay contained therein, when ruling on the pending summary judgment motions.
[5] Immediately following the incident, Physician Assistant Sean Francis conducted a physical examination of Jackson. (Jackson MetroHealth at Bates No. County 6619). PA Francis documented that Jackson had no blunt injury, no injury or facial swelling, and no external signs of facial injury. *Id.* PA Francis progress notes of the incident documents Jackson's only complaint as "I think injured my sciatica." *Id.*
[6] Dental Hygienist Andrea Sitler. No injuries were documented, nor did Jackson complain of any injuries. The only documented statement from Jackson to the Dental Hygienist was "I want my teeth cleaned. I was supposed to go in October." (Jackson MetroHealth at Bates No. County 6620) (Filed as Exhibit 3 in Cuyahoga County's Motion for Summary Judgment).

6

interaction with Corporal Pritchett. Plaintiff appears to change course, and contend that *Hudson* holds that "[w]hen prison officials prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated * * * whether or not significant injury is evident." *Hudson v. McMillian*, v, 4 (1992).[7] Plaintiff fails to read on in *Hudson*, which maintains constitutional claims not reach *de minimis* uses of physical force, provided that such use is not of a sort repugnant to the conscience of mankind. *Id.*

Here, the undisputed facts, as evidenced by medical documentation, is Plaintiff suffered no harm from any interaction with Correction Staff at CCCC. Assuming Jackson's allegations are truthful for the sake of this motion, Plaintiff fails to cite any evidence that would indicate that Pritchett's use of force was a violation of Plaintiff's constitutional rights. Jackson then contends that Defendant's actions were a violation of her constitutional rights, as she was no longer resisting. Jackson fails to consider, however, "even where a suspect does not actively resist, the use of force must cross the constitutional line." *Hanson v. Madison Cty. Det. Ctr.*, 736 F.App'x 521, 523 (6th Cir.2018). Even assuming Jackson's version of events to be true, she is unable to point to an action by Defendant that "crosses" clearly established constitutional lines.

Plaintiff alleges marks from being handcuffed. Plaintiff still, however, fails to allege facts that amount to a clearly established constitutional right. During the brief period of time Plaintiff

---

[7]Plaintiff uses the language in *Hudson* to indicate that they do not need to provide any injury. Instead, *Hudson* holds the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the inmate does not suffer serious injury. Here, the undisputed facts as presented by Plaintiff's own medical records indicate that Plaintiff suffered **no** injury. Further, the inmate in *Hudson* suffered bruising, facial swelling, loosened teeth and a cracked dental plate. None of which are documented by medical immediately following the incident, or in any of Jackson's subsequent medical documentation. The lack of injury is not in of itself determinative of the use of excessive force, but the extent of injury may provide some indication of the amount of force applied. *Wilkins v. Gaddy*, 559 U.S. 34, 34, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010).

was in handcuffs, at no time did Plaintiff complain to Defendant or any other Officer that the handcuffs were too tight. Further, she did not report to medical staff, nor did medical staff note any injuries involving her hands. None of Jackson's medical records discuss or document any injuries to her hands or even the incident of being handcuffed. *See James v. Tunnell*, 481 F.App'x 997, 997 (6th Cir.2012) (finding insufficient evidence to support injury because plaintiff's allegations of loss of color in his hands and a "continuing inability" to use them were unsupported "by his medical records or the intake form he completed during his arrest). Critically, "to prevail, a plaintiff must show that officers ignored plaintiff's complaints that the handcuffs were too tight and allege some physical injury from the handcuffing." *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005). Even Plaintiff's allegation of injury does not amount to excessive force.

C. **Conclusion.**

Plaintiffs failed to respond to Defendant's Motion for Summary on the grounds of Defendant Pritchett being entitled to qualified immunity. In addition, Plaintiffs' Opposition fails to identify the alleged clearly established constitution right to which Pritchett may have violated. Even assuming the facts to be what Plaintiff alleges, given her admitted medical record and the immediate medical reports contemporaneous to her alleged interaction with Defendant, the alleged force used by Defendant Pritchett does not rise to the level of a clearly established constitutional violation. Therefore, Defendant is entitled to qualified immunity and this Court must grant Summary Judgment in Pritchett's favor.

        Respectfully submitted,
        MICHAEL C. O'MALLEY, Prosecuting
        Attorney of Cuyahoga County, Ohio

By:   /s/ *Michael J. Stewart*
      Michael J. Stewart (0082257)
      mjstewart@prosecutor.cuyahogacounty.us
      Phone: (216) 443-6673
      Brendan D. Healy (0081225)
      bhealy@prosecutor.cuyahogacounty.us
      Phone: (216) 698-6447
      Matthew P. Convery (0095704)
      mconvery@prosecutor.cuyahogacounty.us
      Phone: (216) 443-7763
      CUYAHOGA COUNTY PROSECUTOR'S OFFICE
      The Justice Center, Courts Tower
      1200 Ontario Street, 8th Floor
      Cleveland, OH  44113
      Fax: (216) 443-7602

      *Attorneys for Defendant Cuyahoga County and Randy Pritchett*

9

## CERTIFICATION OF COMPLIANCE WITH L. R. 7.1(f)

This memorandum is nine (8) pages long.  This memorandum complies with L.R. 7.1(f).

/s/ *Michael J. Stewart*
Michael J. Stewart (0082257)
Assistant Prosecuting Attorney

## CERTIFICATE OF SERVICE

I certify that on the March 19, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Michael J. Stewart*
Michael J. Stewart (0082257)
Assistant Prosecuting Attorney